UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE LEE KLAASSEN,

    Plaintiff,

vs.

STATE OF MICHIGAN, et al.

    Defendants.
_____/

Civil Action No.
09-CV-12982

HONORABLE AVERN COHN

## ORDER GRANTING PLAINTIFF'S FEE WAIVER
### and
## ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT

**I.**

This is a purported civil rights case. So far as the Court can tell, Plaintiff, who is proceeding pro se, claims police brutality, "false incarcerations," harassment, prosecutorial misconduct, professional misconduct, and workplace retaliation. For relief, Plaintiff seeks $30 million and that "any 'criminal' charges [be] expunged from" her record.

**II.**

Plaintiff has filed a motion asking the Court for a fee waiver. According to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided that the person submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." Here, Plaintiff's "Motion to Waive Fees" indicates that she is indeed indigent. The Court will therefore grant Plaintiff's request for in forma pauperis status, thereby permitting Plaintiff to file her Complaint without requiring

1

prepayment of the filing fee.

### III.

In her Complaint, which is 26 single-spaced pages long, Plaintiff names 19 defendants including the State of Michigan, the Michigan Department of Corrections, the Michigan Sheriff Association, the Michigan Association of Community Mental Health Boards, Advanced Behavior Medicine, various hospitals, the Michigan Department of Education, the Michigan Bar Association, the Archdiocese of Detroit, and various families such as "the Cornwell Family" and the "Rutherford Family."

However, the Complaint consists entirely of incomprehensible rambling and the Court is unable to glean from it what this case is about, what claims are being asserted against who, or the basis for the Court's jurisdiction. As such, the Complaint does not meet the minimal pleading standards, which require that Plaintiff give Defendants fair notice of the claims being asserted and the grounds upon which such claims rest. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

### IV.

Fed. R. Civ. P. 8(a) reads as follows:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction . . .

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Within 10 days, Plaintiff shall file an amended complaint in which she clearly states,

using "short and plain statements," what this case is about and what claims she is asserting against who. Plaintiff shall also clearly state the basis for the Court's jurisdiction.

Failure to comply with this order in a timely manner will result in the summary dismissal of this case.

SO ORDERED.

       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2009

I hereby certify that a copy of the foregoing document was mailed to Jodie Lee Klaassen, 7337 Oakman Blvd., Dearborn, MI 48126 and the attorneys of record on this date, August 17, 2009, by electronic and/or ordinary mail.

       s/LaShawn R. Saulsberry
Case Manager, (313) 234-5160