UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE LEE KLAASSEN,

    Plaintiff,

vs.

STATE OF MICHIGAN, et al.

    Defendants.
_____/

Civil Action No.
09-CV-12982

HONORABLE AVERN COHN

**MEMORANDUM AND ORDER OF DISMISSAL**

**I.**

This is a purported conspiracy case. Plaintiff, who is proceeding pro se, claims "relentless injustices" by "various community courts," which have "influenc[ed] [Plaintiff's] activities of daily living." Plaintiff is suing 19 defendants including the State of Michigan, the Michigan Department of Corrections, the Michigan Sheriff Association, the Michigan Association of Community Mental Health Boards, Advanced Behavior Medicine, various hospitals, the Michigan Department of Education, the Michigan Bar Association, the Archdiocese of Detroit, and various families such as "the Cornwell Family" and the "Rutherford Family."

On August 17, 2009, the Court issued an order requiring Plaintiff to file an amended complaint. See Dkt. 3. The Court noted that Plaintiff's original complaint "consists entirely of incomprehensible rambling" such that the Court "is unable to glean . . . what this case is about, what claims are being asserted against who, or the basis for the Court's

1

jurisdiction."

On August 20, 2009, Plaintiff filed an amended complaint. For the reasons that follow, the Court will dismiss this case for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.**

The facts giving rise to this lawsuit are far from clear. In her amended complaint, Plaintiff states as follows:[1]

> Plaintiff and 2 minor sons are entitled to relief through this court due to the relentless injustices by . . . various community courts influencing the activities of daily living of the plaintiff by inflicting inhumane interventions, such as preventing the plaintiff to spend the court ordered "parenting time" with 2 minor sons; providing written, oral, and telephonic information which prevented and or negatively influenced the plaintiff and 2 minor sons to live a full, productive, and independent life, as prior to the onset of divorce filings, in Livingston county court, 44th Judicial Circuit.

Plaintiff also states that "[t]he basic necessities of living, such as the ability to purchase food and clothing, be able to drive a vehicle, and have adequate housing, without being dependant on someone else, have been severely compromised due to the cumulative affects of a divorce." According to Plaintiff,

> [r]elief has been sought through many avenues over the past 8 years including the 44th Judicial Circuit, 53rd Judicial District, Shiawassee county circuit court, Oakland county Probate Court, Oakland county juvenile court, Oakland county court records department, the Michigan Court of Appeals, and the Michigan Supreme Court.

Plaintiff goes on to note that she has sought relief, to no avail, from the numerous other

---

[1] When quoting from Plaintiff's amended complaint, the Court dispenses with its usual practice of writing "[sic]" after each mistake.

entities who are named as defendants herein.

Plaintiff claims violations of the Civil Rights of Institutional Persons Act, 42 U.S.C. § 1997, et seq., Miranda v. Arizona, 384 U.S. 436 (1966), the Due Process Clause of the United States Constitution, and the Double Jeopardy Clause of the United States Constitution. In her amended complaint, Plaintiff does not specify what relief she seeks; however, in her original complaint, Plaintiff requested $30 million and that any criminal charges be expunged from her record.

**III.**

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and pursuant to 28 U.S.C. § 1915(e)(2)(B). "[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 285 (2005).

Moreover, § 1915(e)(2)(B) requires the Court to screen complaints filed by plaintiffs proceeding in forma pauperis and summarily dismiss those that (1) are "frivolous or malicious," (2) "fail[] to state a claim on which relief may be granted," or (3) "seek[] monetary relief against a defendant who is immune from such relief."

**IV.**

Plaintiff believes that she is entitled to relief from "relentless injustices by . . . various

community courts." So far as the Court can tell, the main gist of the injuries alleged by Plaintiff in this matter stem from state court decisions, all of which Plaintiff believes are wrong or unjust. Under the Rooker-Feldman doctrine, this Court is without power to review state court decisions. That power rests with the United States Supreme Court alone. For this reason, the Court lacks subject matter jurisdiction over this case.

To the extent that the Rooker-Feldman does not bar the claims in this case, if at all, the case will be dismissed pursuant to § 1915(e)(2)(B). In her amended complaint, Plaintiff claims certain injuries following a divorce. As explained by Plaintiff, "[t]he basic necessities of living, such as the ability to purchase food and clothing, be able to drive a vehicle, and have adequate housing, without being dependant on someone else, have been severely compromised due to the cumulative affects of a divorce." These are not redressible injuries. Plaintiff fails to state a claim upon which relief can be granted.

**V.**

For the reasons stated above, this case is DISMISSED.

SO ORDERED.

Dated: August 26, 2009        s/ Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Jodie Lee Klaassen 7337 Oakman Blvd, Dearborn, MI 48126 on this date, August 26, 2009, by electronic and/or ordinary mail.

                              s/ Julie Owens
                              Case Manager, (313) 234-5160