UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE LEE KLAASSEN,

    Plaintiff,                                        Case No. 09-12982

vs.

                                           HONORABLE AVERN COHN

STATE OF MICHIGAN, et al.

    Defendants.
_____/

## ORDER DENYING MOTION FOR REEXAMINE UNDER RULE 60(b) (Doc. 10)

I.

In 2009, plaintiff, proceeding pro se and without payment of the filing fee, filed a complaint against defendants. The Court summarily dismissed the complaint shortly thereafter. Before the Court is plaintiff's motion under Rule 60(b) seeking to reopen her case. For the reasons that follow, the motion is DENIED.

II.

On July 29, 2009, plaintiff filed a 26 single-spaced page complaint naming 19 defendants including the State of Michigan, the Michigan Department of Corrections, the Michigan Sheriff Association, the Michigan Association of Community Mental Health Boards, Advanced Behavior Medicine, various hospitals, the Michigan Department of Education, the Michigan Bar Association, the Archdiocese of Detroit, and various families such as "the Cornwell Family" and the "Rutherford Family." As best as could be gleaned, plaintiff claimed police brutality, "false incarcerations," harassment prosecutorial misconduct, professional misconduct, and workplace retaliation. For

relief, plaintiff sought $30 million and that "any 'criminal' charges [be] expunged from" her record. Because the complaint failed to state what claims were being asserted against who or the basis for the Court's jurisdiction, the Court directed plaintiff to file an amended complaint. (Doc. 3).

On August 20, 2009, plaintiff filed an amended complaint. (Doc. 5). On August 26, 2009, the Court dismissed the amended complaint on the grounds that to the extent plaintiff was challenging various state court decisions, the Court was barred from reviewing those decisions under the Rooker-Feldman doctrine. The Court also found that any other claims were frivolous or failed to state a viable claim and therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B). (Doc. 4). Plaintiff did not appeal the dismissal.

Over three years after the dismissal, in September of 2012, plaintiff filed a motion to reopen. The Court denied the motion "base[d] on ongoing abuses and socioeconomic hardship." (Doc. 6). The Court denied the motion. (Doc. 7).

Now, almost seven years after the dismissal,, plaintiff filed the instant motion under Rule 60(b). As best as can be gleaned, plaintiff alleges on ongoing conspiracy of abuses against her and her children by the state courts and others.

III.

Rule 60(b) provides in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation,

or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

    Plaintiff has not satisfied this standard. First, the motion was brought over seven years after the dismissal. That is not a reasonable time. Moreover, the motion, which appears to be a restatement of much of the allegations in the amended complaint, fails to convince the Court that plaintiff is entitled to the extraordinary remedy of relief from judgment. To the contrary, the motion underscores the fact that the case was properly dismissed.

    SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2016
       Detroit, Michigan